# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2006
_____

Missouri Broadcasters Association; Meyer Farms, Inc.; Uncle D's Sports Bar & Grill, LLC; Zimmer Radio of Mid-MO, Inc.

*Plaintiffs - Appellants*

v.

Lafayette E. Lacy, State Supervisor of Liquor Control, in his official capacity; Chris Koster, Attorney General of the State of Missouri, in his official capacity

*Defendants - Appellees*

_____

Appeal from United States District Court
for the Western District of Missouri - Jefferson City

_____

Submitted: November 17, 2016
Filed: January 19, 2017

_____

Before RILEY, Chief Judge, WOLLMAN and KELLY, Circuit Judges.

_____

RILEY, Chief Judge.

The State of Missouri enacted a statute and two regulations detailing the information alcohol manufacturers, wholesalers, distributers, and retailers could include in their advertisements. See Mo. Rev. Stat. § 311.070.4(10); Mo. Code Regs. Ann. tit. 11, § 70-2.240(5)(G), (I). Plaintiffs filed suit alleging the statute and

regulations violated their freedom of speech under the First Amendment of the United States Constitution. Having appellate jurisdiction under 28 U.S.C. § 1291, we reverse the district court's grant of defendants' motion to dismiss. Plaintiffs' amended complaint plausibly stated a claim upon which relief could be granted.

## II.    BACKGROUND

Missouri enacted two regulations prohibiting alcohol manufacturers, wholesalers, distributers, and retailers from advertising certain information under specific circumstances. Section 70-2.240(5)(G) (Discount Advertising Prohibition Regulation) prohibits alcohol retailers from advertising discounted prices outside their establishment.[1] According to plaintiffs, the Discount Advertising Prohibition Regulation prohibits retailers from advertising information such as "a two-for-one special on beer at the local grocery store, a going-out-of-business sale at a specialty wine shop, or a coupon for one free drink with the purchase of an entree at a neighborhood bar and grill." According to the interpretation put forth by defendants, the Discount Advertising Prohibition Regulation does permit advertising sales using generic descriptions (e.g., "Happy Hour" and "Ladies Night") and advertising all sales, promotions, and discounts within the retail establishment itself. In addition,

---

[1]The Discount Advertising Prohibition Regulation reads:

> No advertisement of intoxicating liquor or nonintoxicating beer shall contain: . . . [a]ny statement offering any coupon, premium, prize, rebate, sales price below cost or discount as an inducement to purchase intoxicating liquor or nonintoxicating beer except, manufacturers of intoxicating liquor other than beer or wine shall be permitted to offer and advertise consumer cash rebate coupons and all manufacturers of intoxicating liquor may offer and advertise coupons for nonalcoholic merchandise.

Mo. Code Regs. Ann. tit. 11, § 70-2.240(5)(G).

§ 70-2.240(5)(I) (Below Cost Advertising Prohibition Regulation) prohibits alcohol retailers from advertising prices below the retailers' actual cost.[2]

Missouri also enacted a statute (Single Retailer Advertising Prohibition Statute) specifying how distillers and wholesalers may advertise retailers selling their products. See Mo. Rev. Stat. § 311.070.4(10).[3] The Single Retailer Advertising Prohibition Statute requires producers and wholesalers, if they choose to list any retailer in an advertisement, to exclude the retail price of the product from the advertisements, list multiple retail businesses not affiliated with one another, and make the listing inconspicuous. See id.

---

[2]The Below Cost Advertising Prohibition reads: "No advertisement of intoxicating liquor or nonintoxicating beer shall contain: . . . [a] price that is below the retailer's actual cost." Id.

[3]Section 311.070.4(10) reads:

The distiller, wholesaler, winemaker or brewer may in an advertisement list the names and addresses of two or more unaffiliated retail businesses selling its product if all of the following requirements are met:

(a) The advertisement shall not contain the retail price of the product;

(b) The listing of the retail businesses shall be the only reference to such retail businesses in the advertisement;

(c) The listing of the retail businesses shall be relatively inconspicuous in relation to the advertisement as a whole; and

(d) The advertisement shall not refer only to one retail business or only to a retail business controlled directly or indirectly by the same retail business.

Plaintiffs—a non-profit corporation promoting the interests and welfare of the broadcasting industry, a corporation operating radio stations, a winery, and a commercial food and drink establishment licensed to sell alcohol—filed suit against Missouri's state supervisor of liquor control and state attorney general. According to the amended complaint, the three challenged provisions are facially unconstitutional under the First Amendment. Plaintiffs asserted the challenged provisions prohibit truthful, non-misleading commercial speech and restrict the free flow of truthful information to potential customers. Plaintiffs also claimed Missouri inconsistently enforces the provisions, allowing some prohibited advertisements to go unpunished, and the Single Retailer Advertising Prohibition Statute unconstitutionally compels speech. Under plaintiffs' theory, "[d]efendants cannot show that the [challenged provisions] directly advance a substantial governmental interest, nor that they regulate no more extensively than necessary to serve that substantial interest."

Defendants moved to dismiss the amended complaint, which the district court initially denied. Plaintiffs then moved for summary judgment. The district court denied plaintiffs' motion for summary judgment and, in the same order denying summary judgment, stated: "[G]iven that defendants raised these same issues previously in their motion to dismiss, the Court finds that reconsideration of the Court's previous order denying the motion to dismiss is warranted, and the Court sua sponte grants defendants' motion to dismiss." The district court did not provide any further discussion of how the amended complaint failed to state a claim. Plaintiffs appeal the district court's dismissal, and we reverse.[4]

_____

[4]Plaintiffs also appeal the district court's denial of their motion for summary judgment. "Ordinarily, we have no jurisdiction of an appeal challenging the denial of a motion for summary judgment. Such orders are not final orders in the traditional sense." Miller v. Schoenen, 75 F.3d 1305, 1308 (8th Cir. 1996) (citation omitted). Plaintiffs assert we do have jurisdiction over a denial of summary judgment if the issues are "inextricably intertwined" with an order that is properly before us or we are

-4-

## II. DISCUSSION

We review a district court's grant of a Rule 12(b)(6) motion to dismiss de novo. See Sabri v. Whittier All., 833 F.3d 995, 998 (8th Cir. 2016). "[W]e accept as true all factual allegations in the complaint and draw all reasonable inferences in favor of the nonmoving party." McDonough v. Ankoa County, 799 F.3d 931, 945 (8th Cir. 2015). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" and plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To state a claim that a statute is facially invalid under the Free Speech Clause of the First Amendment, plaintiffs must show "'that no set of circumstances exist under which [the statute] would be valid,'" United States v. Stevens, 559 U.S. 460, 472 (2010) (quoting United States v. Salerno, 481 U.S. 739, 745 (1987)), or that "a 'substantial number' of [the statute's] applications are unconstitutional, 'judged in relation to the

---

reviewing the grant of a cross-motion for summary judgment. We do not have pendent jurisdiction in this case because pendent jurisdiction only applies where reviewing a final order would necessarily impact a district court's interlocutory order in the same case. See Kincade v. City of Blue Springs, 64 F.3d 389, 394 (8th Cir. 1995) ("'[P]endent appellate jurisdiction might still be appropriate where the otherwise nonappealable decision is inextricably intertwined with the appealable decision, or where review of the nonappealable decision is necessary to ensure meaningful review of the appealable one.'" (quoting Moore v. City of Wynnewood, 57 F.3d 924, 930 (10th Cir. 1995))). Here, our review of the grant of the motion to dismiss does not impact the district court's denial of summary judgment. This is also a different situation than reviewing a denial of summary judgment when a grant of a cross-motion for summary judgment is properly before us, because the instant appeal is one of a dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). See United Fire & Cas. Co. v. Titan Contractors Serv., Inc., 751 F.3d 880, 886-87 (8th Cir. 2014) (reviewing a denial of a motion for summary judgment where the appellant appealed both the denial of its motion for summary judgment and the grant of a cross-motion for summary judgment in favor of the appellee).

statute's plainly legitimate sweep,'" Wash. State Grange v. Wash. State Republican Party, 552 U.S. 442, 449 n.6 (2008) (quoting New York v. Ferber, 458 U.S. 747, 770-71 (1982)).

The parties agree the challenged provisions regulate commercial speech. The First Amendment "accords a lesser protection to commercial speech than to other constitutionally guaranteed expression." Cent. Hudson Gas v. Pub. Serv. Comm'n of N.Y., 447 U.S. 557, 563 (1980). In Central Hudson, the Supreme Court identified four considerations to determine the constitutionality of laws burdening commercial speech: "(1) whether the commercial speech at issue concerns unlawful activity or is misleading; (2) whether the governmental interest is substantial; (3) whether the challenged regulation directly advances the government's asserted interest; and (4) whether the regulation is no more extensive than necessary to further the government's interest."[5] 1-800-411-PAIN Referral Serv. LLC v. Otto, 744 F.3d 1045, 1055 (8th Cir. 2014).

At this stage, defendants accept the provisions prohibit truthful and non-misleading speech and plaintiffs concede the asserted state interest of promoting

---

[5]Plaintiffs argue the Supreme Court defined a new standard for commercial speech in Sorrell v. IMS Health, Inc., 564 U.S. 552 (2011). In Sorrell, the Supreme Court reasoned the statute at issue "is designed to impose a specific, content-based burden on protected expression. It follows that heightened judicial scrutiny is warranted." Id. at 565. Plaintiffs claim the "heightened" scrutiny referenced in Sorrell is strict scrutiny. But we do not need to address plaintiffs' argument here as we already rejected this argument in 1-800-411-PAIN Referral Service LLC v. Otto, 744 F.3d 1045, 1055 (8th Cir. 2014). Though Sorrell does describe the required scrutiny as "heightened," the Supreme Court still went on to apply the four-prong standard of Central Hudson: "The upshot [of Sorrell] is that when a court determines commercial speech restrictions are content- or speaker-based, it should then assess their constitutionality under Central Hudson." Id. Thus, because the challenged provisions here are content- and speaker-based commercial speech restrictions, we evaluate them using the Central Hudson factors.

responsible drinking is substantial.[6]  See Mo. Rev. Stat. § 311.015.  Thus, the only two points at issue are whether plaintiffs' amended complaint included sufficient factual matter to state a claim that (1) the provisions do not directly advance the substantial interests or (2) the provisions are more extensive than necessary. See Iqbal, 556 U.S. at 678; 1-800-411-PAIN Referral Serv., 744 F.3d at 1055.  We hold plaintiffs pled more than sufficient facts to state a claim plausible on its face.

First, the amended complaint included sufficient allegations that the challenged provisions did not directly advance the substantial interest of promoting responsible drinking.  This consideration "concerns the relationship between the harm that underlies the State's interest and the means identified by the State to advance that interest."  Lorillard Tobacco Co. v. Reilly, 533 U.S. 525, 555 (2001).  Defendants "'must demonstrate that the harms [they] recite[] are real and that [defendants'] restriction will in fact alleviate them to a material degree.'"  Greater New Orleans Broad. Ass'n, Inc. v. United States, 527 U.S. 173, 188 (1999) (quoting Edenfield v. Fane, 507 U.S. 761, 771 (1993)).

Defendants argue there is a "commonsense link" between advertising and increasing demand for a product.  It is true that it is "a matter of 'common sense' that a restriction on the advertising of a product characteristic will decrease the extent to which consumers select a product on the basis of that trait."  Rubin v. Coors Brewing

---

[6]The interest in Missouri's Liquor Control Law, the greater statutory scheme within which the challenged restrictions are situated, is "to promote responsible consumption, combat illegal underage drinking, and . . . maintain[] an orderly marketplace."  Mo. Rev. Stat. § 311.015.  Plaintiffs only concede the asserted state interest in promoting responsible drinking is substantial.  Even if we assume all three of the asserted state interests are substantial, the amended complaint still stated a claim upon which relief can be granted.  The challenged restrictions are not targeted at underage drinkers, so they do not directly advance the interest in combating illegal underage drinking. Only the Single Retailer Advertising Prohibition Statute is related to maintaining an orderly marketplace, so we do discuss that interest below.

Co., 514 U.S. 476, 487 (1995). But the common sense link between advertising promotions and increasing demand for alcohol does not demonstrate the challenged restrictions directly advance the interest in promoting responsible drinking. A theoretical increase in demand for alcohol based on a lower price does not necessarily mean any consumption of that alcohol is irresponsible.

The allegations in plaintiffs' amended complaint make clear the challenged provisions do little, if anything, to advance the asserted state interest. The multiple inconsistences within the regulations poke obvious holes in any potential advancement of the interest in promoting responsible drinking, to the point the regulations do not advance the interest at all. See id. at 488 (reasoning if a regulatory scheme is irrational, such as banning labeling alcohol content on beer but allowing it on wine and liquor labels, the scheme does not directly advance the asserted interest). As plaintiffs alleged in their amended complaint, the Discount Advertising Prohibition Regulation and the Below Cost Advertising Prohibition Regulation do not prohibit retailers from offering discounted prices or advertising those discounts within the retail establishment. See Mo. Code Regs. Ann. tit. 11, § 70-2.240(5)(G), (I). Defendants assert the challenged regulations prevent retailers from luring vulnerable consumers to their places of business, yet defendants apparently are not as concerned with retailers baiting consumers to drink excessively once they arrive.

Generic descriptions of promotions (e.g., happy hours and ladies nights) could also encourage irresponsible drinking, but the Discount Advertising Prohibition Regulation does not prohibit these statements from advertisements. See id. § 70-2.240(5)(G). Perhaps the most glaring inconsistency is apparent from the text of the regulation. This provision explicitly exempts manufacturers of intoxicating liquor other than beer and wine from its ban on advertising rebate coupons. See id. This inconsistency allows certain speakers to make comments that, under Missouri's Liquor Control Law, supposedly encourage irresponsible drinking. See Mo. Rev. Stat. § 311.015. The messages defendants seek to prohibit are allowed in certain

-8-

advertisements, yet only for a select group of alcoholic beverages. See Mo. Code Regs. Ann. tit. 11, § 70-2.240(5)(G). Making all reasonable inferences in favor of plaintiffs, consumers are still exposed to advertisements of sales, discounts, and promotions of the selected alcohol products, and, thus, the regulations do not uniformly promote the asserted state interest. See Rubin, 514 U.S. at 488 ("The failure to prohibit the disclosure of alcohol content in advertising, which would seem to constitute a more influential weapon in any strength war than labels, makes no rational sense if the Government's true aim is to suppress strength wars."). Like the statute at issue in Rubin, if the true aim of the regulations is to promote responsible drinking, the inconsistencies in the prohibitions on advertisements of promotions and sales of alcohol "make[] no rational sense." Id.

Plaintiffs also pled sufficient facts to suggest the Single Retailer Advertising Prohibition Statute does not directly advance the asserted state interests of promoting responsible drinking and maintaining an orderly marketplace.[7] Missouri's Liquor Control Law establishes restrictions on retailers, wholesalers, and producers exchanging money to promote the responsible consumption of alcohol and other state policy interests. The challenged statute is an exception to those restrictions. See Mo. Rev. Stat. § 311.070.1 ("Distillers, wholesalers, winemakers, brewers or their employees, officers or agents shall not, except as provided in this section, directly or indirectly, have any financial interest in the retail business for sale of intoxicating liquors."). The statute does nothing to further the interest in maintaining an orderly marketplace and actually *weakens* the impact of the overall statutory scheme because this statute is an exemption to the restrictions preventing retailers, wholesalers, and producers from becoming financially entangled. See Mo. Rev. Stat. §§ 311.070.1,

---

[7]Plaintiffs argue maintaining an orderly marketplace is not a substantial state interest. Because it is clear from the facts pled in the complaint the Single Retailer Advertising Prohibition Statute does not directly advance any of the asserted state interests, we do not need to address whether this "orderly marketplace" state interest is substantial.

311.070.4(10). The amended complaint includes sufficient information, at the least, to support a claim that the challenged provisions do not directly advance the stated interests.

Second, the amended complaint included more than sufficient information to plead the challenged restrictions are more extensive than necessary. See Iqbal, 556 U.S. at 678. The fourth prong of Central Hudson is not satisfied if there are alternatives to the regulations that directly advance the asserted interest in a manner less intrusive to plaintiffs' First Amendment rights. See Rubin, 514 U.S. at 490-91. "[I]f the Government could achieve its interest in a manner that does not restrict speech, or that restricts less speech, the Government must do so." Thompson v. W. States Med. Ctr., 535 U.S. 357, 371 (2002). However, defendants are not required to show "the manner of restriction is absolutely the least severe that will achieve the desired end." Bd. of Trs. of State Univ. of N.Y. v. Fox, 492 U.S. 469, 480 (1989).

Taking the facts in the light most favorable to plaintiffs, we find it clear there are reasonable alternatives to the challenged restrictions Missouri could have enacted that are less intrusive to plaintiffs' First Amendment rights. See 44 Liquormart, Inc. v. Rhode Island, 517 U.S. 484, 507 (1996) (suggesting limiting alcohol purchases by heavily taxing and/or regulating alcohol or developing educational campaigns about the effects of alcohol as alternatives to Rhode Island's blanket ban on advertising the price of alcohol).

Finally, plaintiffs argue the Single Retailer Advertising Statute unconstitutionally compels speech and association in that producers and wholesalers must list more than one retailer on an advertisement if they choose to list any. See Harper & Row, Publishers, Inc. v. Nation Enter., 471 U.S. 539, 559 (1985) ("[F]reedom of thought and expression 'includes both the right to speak freely and the right to refrain from speaking at all.'" (quoting Wooley v. Maynard, 430 U.S. 705, 714 (1977))); Roberts v. U.S. Jaycees, 468 U.S. 609, 623 (1984) ("Freedom of

association therefore plainly presupposes a freedom not to associate."); <u>Wooley</u>, 430 U.S. at 717 (holding a state cannot compel individuals to drive a car with a license plate bearing the slogan "Live Free or Die"). The statute is conditional in that it only impacts speech if producers and wholesalers choose to include the name and address of a retailer in an advertisement. <u>See</u> Mo. Rev. Stat. § 311.070.4. But if a producer or wholesaler does choose to include such information, it is compelled to (1) associate with multiple retailers, and (2) include multiple retailers' information on the advertisement. <u>See</u> <u>id.</u> As plaintiffs pled in their amended complaint, this conceivably is compelling speech and association in violation of the First Amendment.

Plaintiffs, at a minimum, pled sufficient facts to survive a Rule 12(b)(6) motion to dismiss. <u>See</u> <u>Iqbal</u>, 556 U.S. at 678. On its face, the amended complaint plausibly demonstrates the challenged provisions do not directly advance the government's asserted substantial interest, are more extensive than necessary, and unconstitutionally compel speech and association.

## III.   CONCLUSION

We reverse the Rule 12(b)(6) dismissal.

_____